**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-25267-JB**

HENRY NEHEMIAS OCHOA AGUILAR,

Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER,

Respondent.
_________________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus challenging the constitutionality of his continued immigration detention at Krome North Service Processing Center in Miami, Florida. ECF No. [1]. Petitioner raises two claims. Count One alleges that his detention violates the Fifth Amendment's Due Process Clause because the immigration judge's written custody determination order (the "Order") does not provide a constitutionally adequate basis for his detention. ECF Nos. [1] at 7, [1-2] at 8–9. Specifically, Petitioner claims that the Order does not identify the evidence relied upon, whether Petitioner's evidence was accepted or rejected, or why Petitioner's documentary evidence failed to justify release. ECF Nos. [1] at 7, [1-2] at 9. Count Two alleges that Petitioner's detention is improper because the Order did not receive meaningful administrative review given that his attorney failed to file a timely administrative

appeal even though Petitioner expressly reserved his right to appeal the Order. ECF Nos. [1] at 7, [1-2] at at 10–11.

Respondents filed a Response in opposition the Petition, arguing that the Court lacks jurisdiction to review the Order under 8 U.S.C. § 1226(e). ECF No. [6]. At the Court's request, Respondents also filed a copy of the transcript of Petitioner's bond hearing. ECF No. [8-1].

The record reflects that Petitioner received an individualized bond hearing on June 22, 2026, during which his attorney presented evidence and argument to the immigration judge. *See* ECF No. [8-1]. Thereafter, the immigration judge entered an Order denying bond on the basis that Petitioner is a "danger to the community and flight risk." ECF No. [1-3]. The Order also checked the box for "Other" with the word "Habeas." *Id*. The Order does not contain any other information or explanation. *Id*.

At the outset, the Court rejects Respondents' argument that the Court lacks jurisdiction over the Petition. It is true that the correctness of the immigration judge's analysis and decision is not a matter properly before this Court. *See Pimental Sanchez v. U.S. Atty' Gen.*, No. 26-cv-21869-Williams, April 29, 2026 Paperless Order, ECF No. [18] (S.D. Fla. 2026) ("To the extent Petitioner challenges the substance, scope, or conduct of the bond hearing itself, including whether the immigration judge applied the proper framework or considered all relevant facts, those issues fall within the jurisdiction of the immigration court and the administrative appeals process.") (citing *C.A.R.V. v. Wofford*, No. 25-cv-01395, 2026 WL 241823, at *9 (E.D. Cal. Jan. 29, 2026); *See also*, *Polanco Gonzalez v. Tae Johnson, Acting Director USCIS*, No. 26-

cv-61552-Altonaga, Order dated July 22, 2026, ECF No. [13], (S.D. Fla. 2026) (same). However, the Petition does not raise such a challenge. Rather, the Petition alleges that the Order does not adequately explain the immigration judge's reasons for denying bond. In other words, Petitioner argues that the immigration judge did not give reasoned consideration to his claim that bond is warranted because the Order does not identify the evidence relied upon or rejected and the reasons therefor. The Court has jurisdiction over such a claim. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023) (alteration in original) ("The reasoned consideration requirement exists . . . 'to ensure that the [immigration judge] and the [board] considered the issues raised and announced their decisions in terms sufficient to enable review.'"); *Mezvrishvili v. U.S. Atty. Gen.*, 467 F.3d 1292, 1292 (11th Cir. 2006) ("When the BIA or the Immigration Judge has failed to 'give reasoned consideration' or 'make 'adequate findings,' we remand for further proceedings because we are 'unable to review' the decision.") (citations omitted).

The Court has reviewed the record and concludes that Petitioner's continued detention does not violate Due Process. To be sure, the Order is conclusory and lacks any meaningful explanation. However, the hearing transcript reflects that when the immigration judge orally pronounced his rulings, he gave a detailed explanation of the evidence relied upon. *See* ECF No. [8-1] at 32–34. As such, when the transcript and Order are read together, it is evident that the immigration judge considered the

issues that Petitioner raised and announced his decision in terms sufficient to enable review.

Petitioner's other argument, that his attorney failed to file a timely appeal of the Order with the Board of Immigration Appeals thereby depriving him of administrative review, is not properly before this Court and is a matter that must first be raised in Petitioner's immigration proceedings. *See e.g., Pierre v. U.S. Atty. Gen.*, 275 F. App'x 934, 935 n.1 (11th Cir. 2008) ("Because [Petitioner] presented her core issue on appeal-the ineffective-assistance-of-counsel claim argument-to both the IJ and the BIA, she has exhausted her administrative remedies as to the claim, and we have jurisdiction over her petition for review." (citing *Montano Cisneros v. U.S. Att'y Gen.,* 514 F.3d 1224, 1228 n. 3 (11th Cir.2008) (where petitioner consistently argued, before the IJ and the BIA, the *core* issue on appeal, petitioner exhausted her claims and sufficient jurisdiction existed).

Accordingly, for the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED**. Any pending motions are **DENIED AS MOOT** and the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of August, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**